UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **BRUCE W. WATTS, JR.** ) | |
| ) | |
| **Plaintiff,** ) | **No. 1:11-cv-00087** |
| ) | **Judge Trauger** |
| **v.** ) | |
| ) | |
| **GILES COUNTY JAIL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Giles County Jail in Pulaski, Tennessee. He brings this action under 42 U.S.C. § 1983 against several defendants, alleging that the defendants violated the plaintiff's constitutional rights when the plaintiff lost a jail trustee job, did not receive certain sentence credits, and was not allowed to participate in certain jail programs. (Docket No. 1). The plaintiff asks the court to award him "2 for 1" credits for his complete period of incarceration and to arrange a transfer from the Giles County Jail. (*Id*. at p. 5).

### I.  Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

1

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II. Facts Alleged in the Complaint

Unlike another unnamed inmate, the plaintiff does not receive "2 for 1 credit which adds up to about 36 days per month when you add on 6 behavior credits per months." (Docket No. 1). The plaintiff was given a trustee job at the Giles County Jail on June 20, 2011, but that job was "taken away" from him on July 12, 2011, due to suspicions that the plaintiff attempted to smuggle contraband into the jail. (*Id.*) The plaintiff has not been able to obtain another jail job, and he believes this failure is due to discrimination against him. He also complains that, although other inmates are allowed to attend, the plaintiff is not permitted to attend certain self-help programs ("N/A classes"). (*Id*).

## III. Section 1983 Standard

The plaintiff alleges claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

2

**IV.     Analysis**

As to the plaintiff's claim related to the loss of his trustee job or the inability to obtain other jobs within the jail, a prisoner does not have a constitutional right to a particular job, or to any job at all for that matter. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Bishop v. Wood*, 426 U.S. 341 (1976); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).

Likewise, as to the plaintiff's claim that he is denied the opportunity to participate in certain self-help programs within the jail, prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981)(*per curiam*).

The plaintiff's final claim challenges the accrual of good time or sentence ("2 for 1") credits. Although not stated specifically in the body of the complaint, the plaintiff's reason for challenging the method of accruing these credits appears to be to call into question the fact or duration of his confinement.

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief, *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable), as is the case here. Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his

3

conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Given that the plaintiff has not demonstrated that his conviction has been favorably terminated and that the plaintiff's third claim challenges the duration of his confinement and sentence, under *Heck*, 512 U.S. 477, 486-87, the claim should not have been brought under 42 U.S.C. § 1983. As such, no relief can be granted upon this claim.

## V. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge

4